HENRY E. RIPLEY AND REUBEN REEVES, AS OVERSEERS OF THE POOR OF THE TOWN OF MACEDON, RESPONDENTS, *v.* JOHN McCANN, APPELLANT.

*Action to recover a penalty under the excise law — the reference to the statute upon the summons — when it is sufficient — Code of Civil Procedure, sec. 1897 — it does not apply to the complaint — it is sufficient if the overseers of the poor prosecuting the action are such* de facto *— what evidence shows the liquor sold to be intoxicating.*

A summons, issued in an action to recover penalties for a violation of the provisions of the excise law, had upon it the following indorsement: "This summons is issued to collect penalties for violation of sections 13 and 14 of the act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16, 1857, and the acts amendatory thereof."

*Held,* that the indorsement sufficiently complied with the requirements of section 1897 of the Code of Civil Procedure, requiring a general reference to the statute to be indorsed on the summons in actions to recover a penalty or forfeiture.

That as causes of actions for violations of section 13 and of section 14 might be joined in one complaint, the indorsement might properly refer to both sections.

That the regularity of the indorsement was not affected by the fact that the complaint, as filed, set forth a cause of action for a violation of only one of the said sections.

That the addition of the words "and the acts amendatory thereof" did not vitiate the indorsement, as the sections referred to were not affected by any of the amendatory acts.

The statutory provision in respect to the indorsement does not apply to the complaint, the sufficiency of the latter is to be determined by the rules of pleading.

Where the testimony shows that the two plaintiffs prosecuting the action acted as overseers of the poor, it is not necessary to show that they were overseers *de jure*, or that the town had not voted to have but one such officer.

A witness testified that he bought cider of the defendant, and that after drinking several glasses thereof he became partially intoxicated.

*Held,* that this was sufficient to show that the liquor sold by the defendant was intoxicating.

APPEAL by the defendant from a judgment of the Wayne County Court, affirming a justice's judgment for the recovery against the defendant of penalties under the excise law.

*E. K. Burnham,* for the appellant.

*Camp & Dunwell,* for the respondents.

SMITH, P. J.:

Action to recover penalties for violating certain provisions of the excise law. On the return day of the summons the defendant

appeared, by counsel, before the justice, for the purpose of object-ing to the summons on the ground that it was not properly indorsed, and the objection having been overruled, he left the court and did not again appear.

The summons was indorsed as follows : " This summons is issued to collect penalties for violations of sections 13 and 14 of the act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16, 1857, and the acts amendatory thereof." (Dated.) "November 24, 1880." (Signed.) "N. B. Packard, Justice of the Peace."

Section 1897 of the Code of Civil Procedure provides that "in an action to recover a penalty or forfeiture given by a statute, * * * a general reference to the statute must be indorsed upon the copy of the summons so delivered, in the following form : 'According to the provisions of,' etc., adding such a description of the statute as will identify it with convenient certainty, and also specifying the section, if penalties and forfeitures are given, in dif-ferent sections thereof, for different acts or omissions."

The appellant's counsel is understood to insist that the indorse-ment in this case is insufficient, because it specifies more than one section of the statute, his argument being, that if such an indorse-ment is held to comply with the statute, the plaintiffs may with equal propriety refer to all the sections in the excise law, and thus defeat the object of the provision which requires the indorsement to specify the section.

Section 13 imposes a penalty for selling strong or spirituous liquors or wines in quantities less than five gallons without a license. The fourteenth section imposes a like penalty for selling like liquors to be drunk on the premises, without a tavern-keeper's license. If the plaintiffs chose they might have united causes of action under each of those sections in one complaint, but in order to do so they must have specified each section in the indorse-ment on the summons, and an indorsement of that character, in that case, would have been regular. The indorsement in this case did that and nothing more, and it did it in the form prescribed by the statute. The fact that the plaintiffs in their complaint pro-ceeded under only one of the sections so specified, did not affect the sufficiency of the indorsement. If the position of the defendant's

counsel is well taken, penalties given by different sections of the act cannot be sued for in one action, although the rules of pleading permit them to be united, a result which we think the legislature did not intend.

The indorsement is objected to as not being sufficiently specific, for the further reason that it refers not only to sections 13 and 14 of the act of 1857, but also to "the acts amendatory thereof." The indorsement is none the less specific by reason of the latter clause. It still confines the action to a claim for the penalties given by the two sections specified. It is simply matter of description of the act containing the sections specified, *i. e.*, the act of 1857, as subsequently amended ; the amendments do not touch the sections referred to, they still being in their original form. We think the indorsement sufficiently complied with the statute.

The complaint alleges that the defendant was indebted to the plaintiffs " for several penalties for violations of sections 13 and 14 of the act," etc., and it then sets out that the defendant, at different times, sold strong and spirituous liquors in less quantities than five gallons at a time without a license. It is insisted that the complaint is defective for not pointing out the very section under which the plaintiffs claimed to recover. The provision of the statute in respect to the indorsement does not apply to the complaint. The sufficiency of the complaint is to be tested by the rules of pleading. It sets out several good causes of action under section 13, and the reference to section 14 contained in it may be treated as surplusage. The complaint contains three separate counts, each charging the defendant with acts which constitute an offense under section 13.

The testimony shows that the plaintiffs acted as overseers of the poor and that they united in bringing the action. It was not necessary, as suggested by the appellant's counsel, to show that they were overseers *de jure*, or that the town had not voted to have but one such officer.

The counsel for the appellant strenuously contends that the proof failed to show that the cider sold by the defendant came within the prohibition of the excise law. The witness Wilson testified that the cider which he bought of defendant, and of which he drank several glasses, partially intoxicated him. That was enough to bring the

case within the rule laid down in the *Board of Commissioners of Excise of Tompkins County* v. *Taylor* (21 N. Y., 177), which has been followed in several subsequent decisions. As the cider was shown to have contained enough of the inebriating element, when taken into the human stomach, to produce intoxication, the sale of it in quantities less than five gallons, without a license, rendered the vendor liable under section 13. The fact that other witnesses called were not intoxicated by the beverage, which they bought of the defendant about the same time, is immaterial. There is no evidence that the liquor sold to them was of the same kind and character as that sold to Wilson.

The judgment should be affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.